Geoffrey HOOKS et al., Plaintiffs,

v.

Thad EURE, Secretary of State of North Carolina, et al., Defendants.

No. C–C–75–336.

United States District Court,
W. D. North Carolina,
Charlotte Division.

Nov. 9, 1976.

Ronald Williams, Charlotte, N. C., for plaintiffs.

James Wallace, Jr., Associate Atty., North Carolina Dept. of Justice, Raleigh, N. C., and William H. McNair, Ruff, Bond, Cobb, Wade & McNair, Charlotte, N. C., for State and County defendants.

Individual defendants pro se.

### ORDER

McMILLAN, District Judge.

The plaintiffs, Messrs. Hooks, Ezrol and Schlanger, brought suit on November 4, 1975 against the elections authorities of Mecklenburg County, North Carolina and against some twenty-five or so other individual defendants. They allege that the plaintiffs were at that time the leaders and spokesmen for the American Labor Party and that during 1975, particularly August and September, those individual defendants not connected with the Board of Elections conspired together to take over or interfere with the Labor Party locally by registering in the primary election for mayor and voting in that election, which occurred on the 24th of September, 1975. They say that although the defendants took the oath prescribed by the North Carolina General Statutes §§ 163–59, 163–72 and 163–74, affirming their registrations were in "good faith," that the registrations, in fact, were not in good faith. The reasons why they make this contention appear to be that after registering that they did not thereafter conduct themselves in the same fashion as the original Labor Party members, but treated the matter with some lightheartedness, did not attend party meetings, and did not adopt and endorse the policies which had been announced up to that time by the then leaders of the party. They allege that the resulting nominee for mayor, Mr. Englander, conducted a farce of a campaign, con-

fessing openly that he was not likely to win and that a purpose at least of the whole plan was either to smash the Labor Party or to point up the lack of wisdom of party politics in the mayor's election.

They also allege that the Board of Elections and its members acted unlawfully to the prejudice of the plaintiffs in allowing the registration of people who, as they view it, took a less than serious view of the fortunes and position of the Labor Party.

The suit is based upon allegations that these acts of the various defendants violated Title 42, §§ 1983 and 1985, subsection 3, of the United States Code, and constituted a deprivation of the freedom of speech and of the right to due process of the plaintiffs under the First and Fourteenth Amendments.

All the defendants moved for a dismissal of the suit upon the basis of a failure to state a claim upon which relief can be granted.

The court has held a hearing at which inquiry has been made as to the scope of possible evidence and the nature of the evidence which would be offered in support of the allegations.

The motions of all defendants to dismiss ought to be allowed.

■ All that the state defendants did was to operate the machinery for the primary election in accordance with the law. (As to one of the individual defendants a challenge to registration was made under the state procedure and was pursued through a review in the Superior Court, in which the claim of illegal registration was denied and the action was dismissed.) The Elections Board defendants, in carrying out their duties, are not guarantors of the "good faith" of those who register to vote; they are expected to administer the law as best they may, but they can not be expected to divine the inner workings of the minds of all who apply for registration entitling them to vote. There is no showing and no allegation which would support a finding that any of the Elections Board defendants did anything which amounted to a violation of any rights of the plaintiffs—statutory, state, federal, constitutional or otherwise.

■ As to the actions of the remaining individual defendants, many of whom have been styled as "Red Hornets" or members of the "Red Hornet May Day Tribe," the court is unable to see that their conduct amounts to anything more than a robust, though sometimes clownish, assertion of political rights.

What they did was to register and vote in a municipal primary. The purpose of the primary was to select a party candidate. That was done and Mark Englander, one of the defendants, was selected as the candidate of the party.

The individuals are not the state and their action is not state action.

Although they obviously were in cahoots to accomplish whatever they did, their joint action was not a conspiracy to deprive anyone of constitutional rights within the meaning of Section 1985, subsection 3.

The conspiracy was to take over a political establishment and elect their own people. This is a ritual which is not unique in American experience and does not lack in respectability, as to which view various Reagans, Goldwaters, McGoverns, Kennedys, Roosevelts, Carters and Jeffersons could attest. If everything alleged against them is correct (and I assume it is for this purpose), it simply means they were seeking political office or recognition or control through lawful means. If the court should find that even in wholesale fashion they sought registration and made the necessary affidavits with the sinister intention of voting for candidates other than the previous leaders of the party, this would not constitute an unlawful conspiracy but would simply be political action which must be protected if representative government is to survive. No authority has been suggested and none is imagined which would enable the court to find that the affidavit of registration was not in "good faith" because it did not carry with it an undertaking to vote as the then party leaders might dictate. Least of all would the making of such affi-

davit be a violation of a federal statute or a federal constitutional provision protecting the plaintiffs. In fact, if the court should deny to the *defendants* their right to register as they please and vote as they please, it would be drastically and unconstitutionally and without authority interfering with the *protected rights of the defendants themselves,* to participate in the electoral process.

If "good faith" were seized upon as the basis for such an intervention, it would be another illustration of the danger and unwisdom of determining constitutionality of human conduct upon the basis of "motive" or "good faith"; both ideas have often been excuses for oppression, evasion or illegality, and certainly that process should not be extended in this context.

If these defendants are out of order, it raises some questions as to the actions of the tens of thousands of people in this county who, for many years, have registered Democrat for local and primary purposes and then voted Republican in general elections; while I have often preferred they did otherwise, I think it is their constitutional right and see no reason for the court to get exercised about it at this late date.

The court can think of no set of facts proveable under the allegations of the complaint which would support any form of relief against any of the defendants.

It is not out of order to observe that "A little nonsense now and then is relished by the best of men," and it would not hurt if we could maintain in political matters a little more sense of humor and not condemn too seriously those who laugh a little over serious matters.

The "Red Hornets" may have played the clown, but the Constitution does not say them nay.

The complaint is dismissed as to all defendants.